Frank L. O'ROURKE, Plaintiff–
Appellant,

v.

Ronald L. HUFF, individually and as an
employee of Livingston County, Jef-
frey D. Wiedrick, individually and as
an employee of Livingston County,
Raymond Dipasquale, individually
and as an employee of Livingston
County, Defendant–Appellees,

Sheriff of Livingston County, an agency
of the County of Livingston, New
York, John M. York, individually and
as an employee of Livingston County,
Daniel P. Maloney, individually and
as an employee of Livingston County,
County of Livingtson, a municipal
Corporation, or political subdivision
of the state of New York, District
Attorney's Enforcement Team, an
agency or department of the state of
New York in and for the County of
Livingston, Jennifer Sommers, indi-
vidually and as Assistant District At-
torney, John Doe, individually and as
an employee of Livingston County,
Richard Roe, individually and as an
employee of Livingston County, Jane
Doe, individually and as an employee
of Livingston County, Defendants.

Docket No. 01–7981.

United States Court of Appeals,
Second Circuit.

Aug. 16, 2002.

B.G. Stephenson, Fairfax, Va.; Glenn E. Pezzulo, Joseph F. Dinolfo, Rochester, NY, on the brief, for Appellants.

Eugene Welch, Harris, Chesworth & O'Brien, Rochester, NY, for Appellee.

Present JACOBS, CABRANES and F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Frank L. O'Rourke brought suit under 42 U.S.C. § 1983 alleging excessive use of force and unlawful search and seizure in violation of the Fourth Amendment to the United States Constitution. He appeals from the district court's final judgment dismissing all claims against Ronald L. Huff, Jeffrey D. Wiedrick and Raymond DiPasquale, who were employees of the Livingston County Sheriff and the only defendants remaining at the time of trial.

■ At the close of testimony, the district court denied appellant's motion under FED.R.CIV.P. 50(a)(1) for judgment as a matter of law on the issue of O'Rourke's possessory rights in the truck. After the judge denied O'Rourke's motion, the jury ruled for defendants on both the excessive force and search and seizure claims. O'Rourke challenges the district court's denial of his Rule 50(a) and Rule 59 motions, and thus only appeals from the jury verdict on his unlawful search and seizure claim. He argues that the jury verdict for defendants was not supported by sufficient evidence, and that the admission at trial of his convictions for disorderly conduct and resisting arrest was unduly prejudicial.[1]

### I. Judgment as a Matter of Law

"We review the district court's denial of . . . judgment as a matter of law *de novo* . . . applying the same standards as the district court." *Caruolo v. John Crane, Inc.*, 226 F.3d 46, 51 (2d Cir.2000) (citations omitted). Judgment as a matter of law is only appropriate where "there is no legally sufficient evidentiary basis for a

---

1. Appellant also purports to appeal from the district court's refusal to rule as a matter of law that defendants deprived him of property in violation of his Fourteenth Amendment due process rights. The Court need not address this issue on appeal. Appellant's Complaint makes the conclusory allegation that the sei-

zure of his truck violated due process and amounted to an unreasonable search and seizure. His proposed jury instructions do not address such a claim, and he also failed to protest its omission at the charging conference. The claim, if any, is unpreserved.

reasonable jury to find for that party on that issue." FED.R.CIV.P. 50(a)(1). All reasonable inferences must be drawn in favor of the non-moving party, and a court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Appellant's § 1983 claim is predicated upon the Fourth Amendment of the U.S. Constitution prohibiting "unreasonable searches and seizures." U.S. CONST. amend. IV. Warrantless searches and seizures are *"per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (footnote omitted). One such exception is where an authorized third party consents to the search or seizure. *See United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). Valid consent is established where the police reasonably believed that a party had the authority to consent, even if that belief is erroneous. *See Illinois v. Rodriguez*, 497 U.S. 177, 185–86, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). This rule "validates only searches that are based on a reasonable mistake as to the facts, not those based on an erroneous legal conclusion drawn from the known facts." *United States v. Elliott*, 50 F.3d 180, 186 (2d Cir. 1995).

In this case, the reasonableness of defendants' conduct in moving plaintiff's truck to the Police Command Center at the fairgrounds is at issue. Our discussion of the reasonableness of this conduct does not reflect a view that the circumstances of this case in fact amounted to a search or a seizure as plaintiff contends.

■ Nicholas O'Rourke, the appellant's brother, presented defendants with a certificate of title for the truck in the name of his wife, Theresa O'Rourke. Defendants also learned that the truck was registered to the appellant, Frank O'Rourke. Defendants were thus asked to make two factual judgments, namely (1) whether Nicholas O'Rourke was authorized to act on behalf of his wife Theresa, and (2) whether Theresa had a right to possess the truck that was equal or superior to the appellant's.

O'Rourke argues that defendants' judgment was mistaken in light of facts not then known to them. However, as the district court correctly observed, the crucial question is not whether Theresa O'Rourke actually had the authority to provide defendants with the necessary consent, but whether defendants reasonably believed that she did. The jury was entitled to weigh the available evidence and conclude that defendants believed that they had obtained the necessary consent, and that their belief was reasonable. The foregoing analysis disposes of the appeal from the denial of O'Rourke's Rule 50(a) motion regarding his possessory rights because, regardless of O'Rourke's right to possess the truck, the jury could conclude that, based on the evidence before defendants at the time of the events in question, defendants' belief was reasonable.

In addition, our resolution of this issue simultaneously disposes of any appeal arising from the district court's refusal to set aside the verdict and order a new trial under FED.R.CIV.P. 59. Motions for a new trial are reviewed for "abuse of discretion". *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1047 (2d Cir.1992). We find no such abuse here. The existence of evidence sufficient to establish defendants' reasonable belief that they had obtained consent precludes

finding "that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 370 (2d Cir.1988).

## II. *Undue Prejudice*

■ Appellant also challenges the district court's denial of his motion for a new trial on the ground that he was prejudiced by the erroneous admission into evidence of his convictions for disorderly conduct and resisting arrest arising from the same incident that gave rise to this suit, without an accompanying instruction limiting the jury's consideration of it to his excessive force claim. However, O'Rourke never requested such an instruction at any point during the trial, including at the time of the ruling and at the charging conference, and there was no plain error here. *See United States v. Del Llano*, 354 F.2d 844, 847 (2d Cir.1965) (*en banc*) (noting that "if an issue as to admissibility is not raised at trial, it usually may not be raised on appeal."). Moreover, the appellant informed the jury that his conviction was on appeal, as permitted by FED.R.EVID. 609(e), thereby mitigating prejudice resulting from the absence of a limiting instruction.

The judgment of the district court is affirmed.

